IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BANKERS LIFE AND CASUALTY CO., )
)
        Plaintiff, )
)
v. ) No. 05 C 6532
)
DENNIS CASE, ET AL., )
)
        Defendants. )

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

On November 16, 2005, plaintiff Bankers Life and Casualty Company ("Bankers Life"), filed a ten-count complaint alleging breach of fiduciary duties, civil conspiracy, constructive trust and unjust enrichment, and breach of contract against defendants Dennis Case ("Case"), Matthew Miles ("Miles"), and Jeffrey Janis ("Janis") (collectively "defendants"). (Dkt. No. 1). On December 8, 2005, the defendants filed the pending motion to transfer venue pursuant to 28 U.S.C. § 1404 to the United States District Court for the Northern District of Texas. For the reasons set forth above, the defendants' motion to transfer is granted.

BACKGROUND

Bankers Life's complaint alleges that the defendants were the three top managers in Banker Life's branch office in Fort Worth, Texas until their resignations on October 24, 2005. (Dkt. No. 1 at pg. 1). According to the complaint, the defendants allegedly conspired, while still employed with Bankers Life, to assist Banker Life's competitor, Universal American Financial ("Universal American"), open a competing office in Irving, Texas. (*Id.* at pg. 1). The alleged bad acts included soliciting all of Bankers Life's insurance agents and employees in the Fort

Worth office to move to Universal American's new Texas office. (*Id.* at pgs. 1-2). Allegedly, the defendants' inappropriate actions occurred both before and after the defendants' resignations from Bankers Life. (*Id.*)

On November 17, 2005, Bankers Life filed a motion for a temporary restraining order ("TRO") and preliminary injunction. (Dkt. No. 9). This court granted the motion for a TRO on November 17, 2005. (Dkt. No. 26). That order was entered on the docket on November 29, 2005. (Dkt. No. 27). The parties agreed to the continuation of the TRO on November 29, 2005 (Dkt. No. 30), and December 13, 2005, (Dkt. No. 49), thus alleviating an issue as to the expiration of the TRO under Rule 65 of the Federal Rules of Civil Procedure ("Rules"). The motion for preliminary injunction remains pending at this time.

On November 28, 2005, the defendants filed a motion to dismiss pursuant to Rule 12(b)(6). (Dkt. No. 23). On December 21, 2005, Bankers Life filed a motion to strike the defendants' reply memorandum on the pending motion to transfer. (Dkt. No. 50). Bankers Life also filed motions on December 22, 2005 for a protective order to preserve evidence and sanctions for the destruction of evidence. (Dkt. Nos. 53, 54). Since the parties have consented to the continuation of the TRO, the proper step for this court is to first consider the defendants' motion to transfer venue before addressing any of the other motions currently pending before the court.

## ANALYSIS

"The decision of whether to transfer venue is in the sound discretion of the trial court." *True Value Co. v. Ste. Lucie Rentals, Inc.*, No. 05 C 3035, 2005 WL 2848342, at *1 (N.D. Ill. Oct. 27, 2005) (citing *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986)).

"When deciding a motion to transfer venue, the court must accept as true all of plaintiff's well-pleaded facts in the complaint, unless they are contradicted by affidavits or other appropriate evidence from the defendant." *Andrade v. Chase Home Fin., LLC*, No. 04 C 8229, 2005 WL 3436400, at *2 (N.D. Ill. Dec. 12, 2005) (citing *Heil Co. v. Curotto Can Co.*, No. 02 C 782, 2004 WL 725737, at *1 (N.D. Ill. Mar. 30, 2004); *Plotkin v. IP Axess, Inc.*, 168 F. Supp. 2d 899, 900 (N.D. Ill. 2001)). "Although a motion to dismiss for improper venue under Rule 12(b)(3) must be filed before the answer, a motion to transfer venue may be filed at any time." *Id.* (citing *Carter v. Clark Material Handling Co.*, No. 97 C 4424, 1998 WL 89244, at *2 (N.D. Ill. Feb. 17, 1998)).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "To prevail on a motion to transfer under § 1404(a), the moving party must demonstrate: (1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interest of justice." *Event News Network, Inc. v. Thill*, No. 05 C 2972, 2005 WL 2978711, at *3 (N.D. Ill. Nov. 2, 2005) (citing *Pasulka v. Sykes*, 131 F. Supp. 2d 988, 994 (N.D. Ill. 2001); *TruServ. Corp. v. Neff*, 6 F. Supp. 2d 790, 793 (N.D. Ill. 1998)). This case could be properly brought under 28 U.S.C. § 1391 in both this district and the United States District Court for the Northern District of Texas.

In determining the convenience of the parties and witnesses, the court considers: "(1) the plaintiff's choice of forum, (2) situs of material events, (3) relative ease of access to sources of proof in each forum, including the court's power to compel appearance of unwilling witnesses at trial, and (4) costs of obtaining attendance of witnesses." *Jurincie v. AG Trucking, Inc.*, No. 05

C 4585, 2005 WL 2663508, at *2 (N.D. Ill. Oct. 14, 2005) (citing *Medi USA, L.P. v. Jobst Institute, Inc.*, 791 F. Supp. 208, 210 (N.D. Ill. 1992)). The interests of justice is determined by considering "the speed in which the case will proceed to trial, the court's familiarity with the applicable law, and the public's interest in having the case resolved in a particular forum." *Avco Corp. v. Progressive Steel Treating, Inc.*, No. 05 C 4364, 2005 WL 2483379, at *4 (N.D. Ill. Oct. 6, 2005) (citing *Sanders v. Franklin*, 25 F. Supp. 2d 855, 859 (N.D. Ill. 1998)).

The convenience of the parties and witnesses and the interests of justice weigh in favor of transferring the case to the United States District Court for the Northern District of Texas. This case is centered in Texas because the defendants' alleged bad acts occurred in Texas and the evidence and witnesses in the case are located in Texas. This is, in essence, a Texas case.

Bankers Life argues that this case should remain in the Northern District of Illinois because it, Bankers Life, is an Illinois corporation, the lawyers for the parties in this matter are located in Illinois, and the case involves the application of Illinois law. Bankers Life also contends that the defendants cannot object to venue because the parties entered into a forum selection clause that selected the Northern District of Illinois.

"Normally, the plaintiff's choice of forum is generally given substantial weight under § 1404(a), particularly when [the] plaintiff chooses its home forum." *Riddell, Inc. v. Monica*, No. 03 C 3309, 2003 WL 21799935, at *6 (N.D. Ill. July 25, 2003) (citing *Symons Corp. v. Southern Forming & Supply, Inc.*, 954 F. Supp. 184, 186 (N.D. Ill. 1997)). However, "[w]hen the material events leading to the litigation do not take place in the plaintiff's chosen forum, the plaintiff's choice of forum is given less deference." *First Horizon Pharm. Corp. v. Breckenridge Pharm., Inc.*, No. 04 C 2728, 2004 WL 1921059, at *3 (N.D. Ill. July 21, 2004) (citing *Dunn v. Soon Line*

4

*R.R. Co.*, 864 F. Supp. 2d 64, 65 (N.D. Ill. 1994)).  The court believes that Bankers Life's selection of the Northern District of Illinois should be given less deference because none of the events which form the basis of the litigation occurred here in the Northern District of Illinois.

The fact that the lawyers in this matter are all located in Chicago, Illinois does not dictate keeping this matter in Northern District of Illinois.  Bankers Life is represented by the law firm of Baker & McKenzie, LLP.  Baker & McKenzie is the largest law firm in the United States with over 3000 attorneys and has an office in Dallas, Texas.  *See* Lindsay Fortado, *Most Firms Are Getting Bigger, But It's Harder to Make Equity Parnter*, Nat'l L.J., Nov. 14, 2005 at S3; Baker & McKenzie's North American Region Offices at http://www.bakernet.com/BakerNet/Locations/North+America/default.htm.   Between the availability of lawyers in Baker & McKenzie's Dallas office and the practice of appearance via local counsel or *pro hac vice*, the legal costs resulting from transferring this matter to Texas should be minimal.  Any extra costs that arise from moving this case to Texas would be far outweighed by the costs involved in transporting the witnesses and evidence from Texas to Chicago for further pretrial proceedings and for the trial.  Additionally, the lawyers in this case, regardless of the court's venue, will likely need to travel to Texas to conduct document discovery and depositions.

Bankers Life additionally argues that the case should remain in the Northern District of Illinois because the matter involves the application of Illinois law and this court is familiar with Illinois law.  The Northern District of Texas will have to apply some Illinois law in this case since it must apply Illinois' choice of law rules.  *See Hinc v. Lime-O-Sol Co.*, 382 F.3d 716, 719 (7th Cir. 2004) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *Jupiter Aluminum Corp. v. Home Ins. Co.*, 225 F.3d 868, 873 (7th Cir. 2000) ("Federal courts sitting in

diversity apply the choice of law rules of the forum state to determine the applicable substantive law."); *Nelson v. Sandoz Pharm. Corp.*, 288 F.3d 954, 963 n.7 (7th Cir. 2002) ("When a case is transferred from one federal district court to another pursuant to 28 U.S.C. § 1404, the choice of law principles of the state in which the original district court sits ... govern the case.") (citations omitted). United States District Judges across the country are familiar with the requirements of applying the law of states other than the states where the judges are located. This court is confident that the judge assigned to this case in the Northern District of Texas, if required to interpret and apply Illinois law, will do an excellent job.

Moreover, there is a reasonable possibility that this case may require the application of Texas substantive law because in a tort action "Illinois choice of law presumes that 'the local law of the State where the injury occurred should determine the rights and liabilities of the parties, unless Illinois has a more significant relationship with the occurrence and with the parties, in which case the law of Illinois should apply.'" *Tanner v. Jupiter Realty Corp.*, No. 04 C 1504, 2004 WL 2966936, at *3 (N.D. Ill. Nov. 29, 2004) (citing Illinois law). This case involves both contract and tort claims. Regardless of any forum selection or choice of law provision governing the breach of contract claims, the Illinois choice of law analysis for the tort claims will likely require the application of Texas law. As such, neither this court, nor the Northern District of Texas, has superior experience with the law in this case because both Illinois and Texas law are likely involved.

Bankers Life's final argument is that the defendants waived any objection to this forum under the forum selection clause in the defendants' contracts. Bankers Life's complaint, however, appears to be alleging breach of three different contracts by the defendants, a Unit

Sales Manager's Contract (Dkt. No. 1, Ex. D), Unit Supervisor's Contract (Dkt. No. 1, Ex. F), and an Agent Contract (Dkt. No. 1, Ex. G). All three contracts have a choice of law provision stating that the respective contracts should be interpreted under Illinois law. Two of the three contracts, the Unit Sales Manager's Contract and the Unit Supervisor's Contract, do not contain a venue selection clause. Only the Agent Contract contains a venue selection clause and that clause selects Chicago, Cook County, Illinois, as the venue for any action involving a dispute arising under the Agent Contract. (Dkt. No. 1, Ex. G). This court believes it should not read the venue selection clause from the defendants' Agent Contracts into the other contracts since to do so would be add a term into those contracts that the parties did not include when it is clear that the parties are fully capable of including this clause when they desired to do so. Additionally, the application of the forum selection clause is also not appropriate because of its harm to the third-party witnesses in this case, all of whom, it appears, are located in Texas. *See Northwestern Nat. Ins. Co. v. Donovan*, 916 F.2d 372, 376 (7th Cir. 1990).

Lastly, this court must address Bankers Life's motion of December 21, 2005 to strike the defendants' reply brief. (Dkt. No. 48). Bankers Life's motion to strike incorrectly characterizes the briefing that has occurred on the pending motion. The defendants argued in their initial motion that this case should be transferred to Texas because the events and witnesses involved in the case were located in Texas. (Dkt. No. 36 at ¶ 7). The defendants elaborated on their initial argument for transfer in their reply brief (Dkt. No. 47), but that was properly done by the defendants to address the opposing arguments raised by Bankers Life in its response. (Dkt. No. 40).

Bankers Life's motion to strike is really an attempt to file a sur-reply to the defendants'

7

reply. For example, Bankers Life argues that a breach of a fiduciary duty is covered under contract and agency law, not under tort law, pursuant to Illinois choice of law rules. However, there is a disagreement among the courts in this district on that issue. *See Rohlfing v. Manor Care*, 172 F.R.D. 330, 341 n.12 (N.D. Ill. 1997). Therefore, it is proper for this court to conclude that a Texas court applying Illinois choice of law rules may determine that Texas law applies. Regardless of which law the Texas court ultimately applies on the question of the breach of fiduciary duties, and after this court's consideration of Bankers Life's arguments in its motion to strike, the court remains convinced that this case properly should be transferred to the United States District Court for the Northern District of Texas.

## CONCLUSION

For the reasons set forth above, Bankers Life's motion to strike of December 21, 2005 (Dkt. No. 50), has been considered by the court and is denied. The defendants' motion to transfer of December 8, 2005 (Dkt. No. 36), is granted. The case is transferred to the United States District Court for the Northern District of Texas.

ENTER:

_____
JAMES F. HOLDERMAN
United States District Judge

Date: December 23, 2005